IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| Clifford DANZY, | ) |  |
|---|---|---|
|  | ) |  |
| Plaintiff, | ) |  |
|  | ) |  |
| v. | ) | CIVIL ACTION NO. 5:10-CV-451 (MTT) |
|  | ) |  |
| Tom LEE, *et. al*, | ) |  |
|  | ) |  |
| Defendants. | ) |  |

## ORDER

This matter is before the Court on the Defendants' Motion to Dismiss (Doc. 4) (the "Motion"). The Plaintiff, an African-American male currently age 51, was a manager at Defendant Perdue Farms' cook plant in Perry, Georgia. The Plaintiff was terminated March 5, 2008. The Plaintiff suspected he was terminated on the basis of his race in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.* and his age in violation of the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. § 621 *et seq.*, and he contacted the Equal Employment Opportunity Commission ("EEOC"). The Plaintiff later filed a Charge of Discrimination with the EEOC alleging discrimination based on race, age, and retaliation.[1] The Plaintiff's copy of the charge does not contain the filing date, but the Defendants' copy contains a stamp that states it was received by the EEOC September 4, 2008.

To avoid dismissal pursuant to Fed. R. Civ. P. 12(b)(6), a complaint must state a claim upon which relief can be granted. The Defendants argue the action should be

---
[1] The Complaint only alleges discrimination based on race.

dismissed against Defendant Tom Lee because employment discrimination statutes do not authorize actions against individuals and against Defendant Perdue Farms because the Plaintiff did not file a timely charge with the EEOC. The Plaintiff did not file a response to the Motion, but states in his Charge of Discrimination, "[t]his is a perfected charge. My initial information was timely filed with the EEOC on June 22, 2008." (Doc. 1, Exhibit).

It is clear that Title VII and the ADEA do not authorize actions against individuals. *Busby v. City of Orlando*, 931 F.2d 764, 772 (11th Cir. 1991) (Title VII); *Albra v. Advan, Inc.*, 490 F.3d 826, 829-30 (11th Cir. 2007) (ADEA). Thus, Defendant Lee must be dismissed from this action.

It also is clear that charges brought pursuant to Title VII and the ADEA must be filed within 180 days of the last alleged discriminatory act. 42 U.S.C. § 2000e-5(e)(1); 29 U.S.C. § 626(d)(1)(A). Here, the Plaintiff's last alleged discriminatory act is his termination, which occurred March 5, 2008. Thus, the Plaintiff was required to file a charge with the EEOC by September 1, 2008. However, the EEOC did not receive the Plaintiff's charge until September 4, 2008.

Although the Plaintiff contends his "initial information" was timely filed, he never says what this initial information was. Perhaps he is referring to intake questionnaires, which provide information "disclos[ing] that a person is entitled to file a charge with the [EEOC]…." 29 C.F.R. § 1601.6(a). However, an intake questionnaire generally does not constitute a charge in the Eleventh Circuit. *Bost v. Fed. Express Corp.*, 372 F.3d 1233, 1239-41 (11th Cir. 2004); *Pijnenburg v. West Ga. Health Sys., Inc.*, 255 F.3d 1304 (11th Cir. 2001). Rather, an intake questionnaire constitutes a charge "when the

circumstances of the case would convince a reasonable person that the charging party manifested her intent to activate the administrative process by filing the intake questionnaire with the EEOC." *Wilkerson v. Grinnell Corp.*, 270 F.3d 1314, 1321 (11th Cir. 2001). In *Wilkerson*, the Eleventh Circuit considered (1) the communication between the plaintiff and the EEOC; (2) the EEOC intake questionnaire form itself; and (3) the response by the EEOC to the completed questionnaire. 270 F.3d at 1320-21. The Court held the intake questionnaire could constitute a charge because the EEOC provided misleading information to the plaintiff, the form stated it was a charge, and the EEOC treated the questionnaire as a charge. *Id*. However, in *Bost*, the Court did not find evidence of the "exceptional circumstances" in *Wilkerson* and granted the defendant's motion to dismiss. 372 F.3d at 1240-41.

Here, the Plaintiff has not alleged exceptional circumstances exist. The Plaintiff contends his Charge of Discrimination was a perfected charge, but he acknowledged that his prior "charge" was only initial information. The Plaintiff did not include a copy of his initial information with the Complaint and he does not allege the EEOC provided him with misleading information. Again, in the Eleventh Circuit, filing information with the EEOC, standing alone, is insufficient to constitute a charge. Thus, Defendant Perdue Farms also must be dismissed from this action.

Accordingly, because employment discrimination statutes do not authorize actions against individuals and the Charge of Discrimination was not timely filed, the Motion is **GRANTED**.

**SO ORDERED**, this the 14th day of March, 2011.


                                      <u>S/ Marc T. Treadwell</u>
                                      MARC T. TREADWELL, JUDGE
                                      UNITED STATES DISTRICT COURT